IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02664-BNB

JAMES RAY MOSLEY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 03 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, James Ray Mosley, is currently incarcerated at the Denver County Jail in Denver, Colorado. Mr. Mosley has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Mosley is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

For the most part, Mr. Mosley asserts that he was subjected to cruel and unusual punishment because he was paroled to the Salvation Army Crossroads Shelter in Denver, Colorado. He alleges that the living conditions at the Salvation Army were unsanitary and intolerable and that he was exposed to numerous communicable diseases. Due to the living conditions, Mr. Mosley alleges that he was forced to leave the Salvation Army, which resulted in criminal charges for escape brought against him. Mr. Mosley seeks damages. For the reasons stated below, Mr. Mosley will be ordered to file an Amended Complaint.

The Colorado Department of Corrections (DOC) is the only named defendant in the Complaint. However, Mr. Mosley is instructed that the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state, and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief, rather than money damages for alleged violations of federal law, and asserts claims against individual state officers. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 276-77 (1997); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). If Plaintiff is asserting that DOC policies regarding the revocation of his parole violate federal law he must name the DOC officials who are responsible for establishing or implementing those DOC policies.

Mr. Mosely is also directed that he must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Mosley must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Mosley is further instructed that to state a claim in this Court, he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Mosley file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Mosley, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Mosley, within the time allowed, fails to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Complaint and the action will be dismissed without further notice.

DATED December 3, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02664-BNB

James Ray Mosley
Booking No. 1653313
Prisoner No. 115644
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _12/3/09_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk