IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02664-BNB

JAMES RAY MOSLEY,

     Plaintiff,

v.

C.P.O. SCOTT MORGHEIM, and
C.P.O. "LOVE", last name, first name unknown,

     Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 1 2010

GREGORY C. LANGHAM
               CLERK

---

## ORDER OF DISMISSAL

---

     Plaintiff, James Ray Mosley, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Denver Reception and Diagnostic Center. Mr. Mosley filed a *pro se* civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that his constitutional rights have been violated. On December 3, 2009, Magistrate Judge Boyd N. Boland determined that the complaint was deficient because it failed to allege the personal participation of the named Defendants. Therefore, Magistrate Judge Boland ordered Mr. Mosley to file an amended complaint, which Mr. Mosley submitted to the Court on December 11, 2009.

     Mr. Mosley has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S.

319, 324 (1989).  Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants

have violated his or her rights under the Constitution and laws of the United States

while they acted under color of state law. ***Adickes v. S. H. Kress & Co.***, 398 U.S. 144,

150 (1970).

The Court must construe the amended complaint liberally because Mr. Mosley is

not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972);

***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the

Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.  However, the Court

should not act as an advocate for ***pro se*** litigants. ***See id.*** For the reasons set forth

below, the amended complaint and the action will be dismissed.

Mr. Mosley asserts three claims in the amended complaint.  First, he alleges that

Defendant Scott Morgheim subjected him to cruel and unusual punishment when he

"forced" Mr. Mosley to serve his parole at the Salvation Army Crossroads Shelter in

Denver, Colorado.  Amended Complaint at 4.  Mr. Mosley alleges that he was exposed

to "numerous communicable diseases" during his time at the Salvation Army

Crossroads Shelter. ***Id.*** In his second claim, Mr. Mosely alleges that Defendant

Morgheim subjected him to "pain and suffering," because of the "unsanitary and

intolerable conditions" at the Salvation Army Crossroads Shelter. ***Id.*** at 5.  He also

alleges that he contracted a cough and a scabies infection due to the conditions at the

shelter. ***Id.*** In his third claim, Mr. Mosley alleges that Defendant Love subjected him to

2

"mental anguish," because Defendant Love filed an "'escape' offense" against him after Mr. Mosley decided to leave the shelter. *Id.* at 6. Mr. Mosley further alleges that his parole was later revoked based upon the complaint filed by Defendant Love. *Id.*

Mr. Mosley's claim that he was subjected to cruel and unusual punishment because of the unsanitary conditions at the shelter lacks merit. "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim of cruel and unusual punishment under the Eighth Amendment, Mr. Mosley must allege that Defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Mosley must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916.

Mr. Mosley's vague and conclusory allegations that he was subjected to an unsanitary living environment and exposed to communicable diseases at the shelter do not demonstrate a sufficiently serious injury under the Eighth Amendment. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Therefore, because Mr. Mosley was not subjected to any extreme

3

deprivation of the minimal civilized measure of life's necessities, Claims One and Two will be dismissed as legally frivolous.

With regard to Mr. Mosley's third claim, that Defendant Love filed a parole revocation complaint against him, Mr. Mosley may not recover money damages for this because it challenges the validity of his parole revocation and, therefore, his continuing confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Mosley's claims for money damages amount to a collateral attack on the revocation of his parole and subsequent incarceration. *Heck* does not permit this. Before bringing a claim that casts doubt on the length of a prisoner's continued incarceration, the prisoner first must pursue a successful action for habeas corpus. *Edwards v. Balisok*, 520 U.S. 641 (1997), *see also Butterfield*, 120 F.3d at 1024 & n.1. Mr. Mosley does not allege, and nothing in the Court's file indicates, that he has invalidated the revocation of his parole through a writ of habeas corpus.

Therefore, Mr. Mosley's claim for money damages based upon the revocation of his parole is barred by *Heck*, and will be dismissed.  The dismissal will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Accordingly, it is

ORDERED that the Amended Complaint and the Action are dismissed for the reasons discussed in this order.

DATED at Denver, Colorado, this 20 day of January, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02664-BNB

James Ray Mosley
Prisoner No. 115644
DRDC
10900 Smith Rd.
Denver, CO 80239


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on ___1/21/10___

GREGORY C. LANGHAM, CLERK

By_____
Deputy Clerk